[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

————————————————

No. 23-10666

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

YANELI RAFAEL MATOS-MONTAS,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cr-20283-RNS-1

————————————————

2                    Opinion of the Court                    23-10666

Before ROSENBAUM, ABUDU, and MARCUS, Circuit Judges.

PER CURIAM:

Yaneli Rafael Matos-Montas appeals his convictions for conspiracy to possess with intent to distribute cocaine on a vessel subject to United States jurisdiction and possession with intent to distribute cocaine on a vessel subject to United States jurisdiction.  On appeal, Matos-Montas challenges the district court's jurisdiction over the case, arguing that: (1) the government lacked authority to prosecute him for a felony committed on the high seas under the Maritime Drug Law Enforcement Act ("MDLEA") because his conduct took place in Venezuela's exclusive economic zone ("EEZ") 31 nautical miles north of Los Monjes Island, Venezuela, and is excluded from the "high seas" under international law; and (2) his due process rights were violated because the MDLEA lacks a nexus requirement between the offense conduct and the United States, and neither his conviction nor his specific offense bore any connection to the United States.  In response to Matos-Montas's initial brief on appeal, the government moved for summary affirmance.  After careful review, we grant the motion for summary affirmance.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the

outcome of the case, or where . . . the appeal is frivolous." *Groen-dyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1]

When a motion to dismiss the indictment is based on subject matter jurisdictional grounds, we review the district court's denial *de novo*. *United States v. Alfonso*, 104 F.4th 815, 820 (11th Cir. 2024). We also review "*de novo* a district court's interpretation of a statute and whether a statute is constitutional." *Id.*

The MDLEA makes it a crime to "knowingly or intentionally . . . possess with intent to manufacture or distribute, a controlled substance" on board "a [covered] vessel subject to the jurisdiction of the United States," and to conspire to do the same. 46 U.S.C. §§ 70503(a)(1), (e)(1), 70506(b). The statute defines a "vessel subject to the jurisdiction of the United States" as including "a vessel without nationality." *Id.* § 70502(c)(1)(A). A "vessel without nationality" is defined to include "a vessel aboard which the master or individual in charge fails, on request of an officer of the United States authorized to enforce applicable provisions of United States law, to make a claim of nationality or registry for that vessel." *Id.* § 70502(d)(1)(B). The MDLEA "applies even though the act is committed outside the territorial jurisdiction of the United States." *Id.* § 70503(b).

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981.

Under Article I, Section 8, Clause 10 of the Constitution, Congress has "three distinct grants of power: (1) the power to define and punish piracies, (the Piracies Clause); (2) the power to define and punish felonies committed on the high Seas, (the Felonies Clause); and (3) the power to define and punish offenses against the law of nations (the Offences Clause)." *Alfonso*, 104 F.4th at 820 (citation modified); U.S. Const. art. I, § 8, cl. 10.

In *Alfonso*, the defendants, who had been seized by the United States Coast Guard on a vessel in the Dominican Republic's EEZ, appealed their convictions under the MDLEA and challenged the constitutionality of the MDLEA as applied to them under the Felonies Clause. 104 F.4th at 818–19. In response to their constitutional challenges, we noted that we "repeatedly have upheld the MDLEA as a valid exercise of Congress's power to define and punish . . . Felonies on the high Seas." *Id.* at 820 (citation modified). We also held that "international law does not limit the Felonies Clause." *Id.* at 826. We further held that a nation's EEZ is "part of the 'high seas' for purposes of the Felonies Clause in Article I of the Constitution," and thus, "enforcement of the MDLEA in EEZs is proper." *Id.* at 823, 827.

We affirmed this holding in *United States v. Canario-Vilomar*, in which two appellants -- one seized in a vessel 37 nautical miles north of Panama, the other seized in a vessel 145 nautical miles north of Colombia -- challenged the district court's jurisdiction. 128 F.4th 1374, 1376–78 (11th Cir. 2025). Relevant here, the appellants argued in *Canario-Vilomar* that the MDLEA exceeds

Congress's authority under the Felonies Clause of the Constitution, and that one appellant's arrest did not occur on the high seas because he was arrested in Colombia's EEZ. *Id.* We relied on *Alfonso* and similarly concluded that Congress was not constrained by international law in crafting the MDLEA. *Id.* at 1381 ("[W]e reject [appellants'] contention that Congress was constrained by international law in crafting its definition of a stateless vessel or in defining the boundaries of the high seas."). Again relying on *Alfonso*, we also rejected an appellant's argument "that Congress could not reach him merely because he chose to traffic drugs in Colombia's EEZ rather than farther out into the open ocean." *Id.* at 1382.

Finally, *Canario-Vilomar* addressed the claim "that the MDLEA violates principles of due process because it allows the United States to assert jurisdiction over foreign nationals for conduct that bears no nexus with the United States," although the appellant acknowledged that we had rejected similar arguments. *Id.* We agreed with the appellant that the argument was "plainly foreclosed by our binding precedent." *Id.* at 1382–83 (citing *United States v. Campbell*, 743 F.3d 802, 810 (11th Cir. 2014)). In so holding, we emphasized that "we have explained repeatedly" that "the conduct proscribed by the MDLEA need not have a nexus to the United States because universal and protective principles support its extraterritorial reach." *Id.* at 1383 (citation modified).

In addition, we have rejected as-applied challenges to the constitutionality of the MDLEA under the Felonies Clause as to vessels on the high seas engaged in drug-trafficking crimes without

a nexus to the United States. *See United States v. Cabezas-Montano*, 949 F.3d 567, 587 (11th Cir. 2020). "Under our prior-panel-precedent rule, a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this Court sitting *en banc*." *Canario-Vilomar*, 128 F.4th at 1381 (citation modified). "[W]e have categorically rejected an overlooked reason or argument exception to the prior-panel precedent rule." *Id.* (citation modified).

Here, the government's position is clearly right as a matter of law that Matos-Montas's argument that the MDLEA need not have a nexus to the United States is foreclosed by our controlling authority. *Canario-Vilomar*, 128 F.4th at 1382–83. We've consistently held that the MDLEA is a constitutional exercise of Congressional power under the Felonies Clause for the prosecution of drug trafficking offenses on the high seas, even without a nexus to the United States, based on "universal and protective principles." *See Campbell*, 743 F.3d at 810; *Cabezas-Montano*, 949 F.3d at 587. As for Matos-Montas's as-applied challenge to his MDLEA conviction on the basis that his offense lacked a nexus to the United States, it also is foreclosed by our binding precedent. *See Canario-Vilomar*, 128 F.4th at 1381.

Accordingly, because the government's position is clearly correct as a matter of law, we GRANT the government's motion for summary affirmance. *See Groendyke Transp., Inc.*, 406 F.2d at 1162.